**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **JIENNAH MCCOLLUM, ROICE JOLEEN MCCOLLUM, AND CHEYENNE MCCOLLUM,**<br><br>**Plaintiffs**<br><br>- against -<br><br>**ALEC BALDWIN,**<br><br>**Defendant** | **Case No. 0:22-cv-00008-NDF** |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT ALEXANDER R. BALDWIN III'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

Plaintiffs JIENNAH MCCOLLUM, ROICE JOLEEN MCCOLLUM, and CHEYENNE MCCOLLUM (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby file their collective Response in Opposition to Defendant's Motion to Dismiss (Doc. 17) filed by Defendant Alexander R. Baldwin III ("Defendant" or "Baldwin") pursuant to Federal Rules of Civil Procedure and would respectfully show the Court as follows:

Dated:  April 18, 2022

By: *s/ Dennis C. Postiglione*
Dennis C. Postiglione (admitted *pro hac vice*)
THE CASAS LAW FIRM, P.C.
3801 North Capital of Texas Highway
Suite E240, #445
Austin, Texas 78746
(512) 806-7699
(855) 220-9626 (fax)
dennis@talentrights.law

Joseph N. Casas (admitted *pro hac vice*)
THE CASAS LAW FIRM, P.C.
402 West Broadway
Suite 400
San Diego, CA 92101
(855) 267-4457
(855) 220-9626 (fax)
joseph@talentrights.law

Frank R. Chapman
CHAPMAN, VALDEZ & LANSING
125 West Second Street
Casper, WY 82602
(307) 237-1983
(307) 577-1871 (fax)
frc@bslo.com

*Attorneys for Plaintiffs Jiennah McCollum,*
*Roice Joleen McCollum, and Cheyenne McCollum*

## <u>TABLE OF CONTENTS</u>

I.     SUMMARY OF ARGUMENT…………………………………………………1

II.    LEGAL STANDARDS & ARGUMENTS…………………………………………..1

    A.    Pleading Requirements……………………………………………………1

    B.    Jurisdiction Standard……………………………………………………3

    C .    The Court Does Have Jurisdiction Over Baldwin…………………………………..3

    D.    Plaintiffs State Claims for Defamation, Defamation Per Se, and Defamation by Implication………………………………………………………………5

    E.    Plaintiffs allege Baldwin made statements about Jiennah and Cheyenne…………..8

    F.    Baldwin's "private conversations" with Roice were published by Baldwin………..9

    G.    Baldwin's Alternate Dismissal Reasons are not Proper Under FED R. CIV. P. 12(b)(6)..................................................................10

    H.    Plaintiffs Properly Pled Claims for False Light Invasion of Privacy and Intrusion Upon   Seclusion………………………………………………………12

    I.    Plaintiffs State Claims for Negligence and Gross Negligence……………………13

    J.    Plaintiffs State Claims for Intentional Infliction of Emotional Distress…………...14

    K.    Plaintiffs Allege Damages Caused by Baldwin…………………………………...15

III.    CONCLUSION AND PRAYER……………………………………………………16

CERTIFICATE OF SERVICE………………………………………………………...17

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……...……………………………………...…1

*Bextel v. Fork Rd. LLC*, 2020 WY 134, 474 P.3d 625 (Wyo. 2020)………………………………12

*Bixler v. Foster,* 596 F.3d 751 (10th Cir.2010)………………………………………….2, 9, 10, 16

*Brehany v. Nordstrom, Inc.,* 812 P.2d 49 (Utah 1991)…….……………………………………6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)…………………………………………3, 4, 5

*Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc*., Nos. 08–2027, 08–2191, 2009 WL 1635894 (D.Kan. June 11, 2009))…………..…………………………………………..15

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223 (10th Cir. 2020)………..………5

*Dworkin v. L.F.P., Inc.*, 839 P.2d 903 (Wyo. 1992)……………………………………….……...10

*Eighteen Seventy L.P. v. Jayson*, 532 F. Supp. 3d 1125 (D. Wyo. 2020)………..…………………3

*Energy Drilling, LLC v. Virtus Oil & Gas Corp.*, 2016 WL 9450461 (D. Wyo. Apr. 15, 2016)…….3

*Erickson v. Pardus*, 551 U.S. 89 (2007)………………………………………………………8

*Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278 (5th Cir. 1993)…………………...2, 9, 16

*Gomba v. McLaughlin,* 180 Colo. 232, 504 P.2d 337 (1972)………………………………………6

*Grim v. FEDEX Ground Package Sys., Inc.,* CV 19-10 MV/GBW, 2019 WL 2298804 (D.N.M. May 30, 2019)………………………………………………………………………2, 9, 16

*Hanson v. Denckla*, 357 U.S. 235 (1958)…………………………………………………….4

*Hill v. Stubson*, 2018 WY 70, 420 P.3d 732 (Wyo. 2018)…………………………………………8

*Hoblyn v. Johnson*, 2002 WY 152, ¶ 41, 55 P.3d 1219 (Wyo. 2002)………..………………….....5

*Howard v. Aspen Way Enterprises, Inc*., 2017 WY 152, 406 P.3d 1271 (Wyo. 2017)……….12, 13

*McGowan v. Hulick*, 612 F.3d 636 (7th Cir. 2010)………………………………………...2, 8

*Media Group, Inc. v. PD Strategic Media, Inc.*, No. 12-62056-CIV, 2013 WL 1891281 (S.D. Fla. May 6, 2013)……………………………………………………………………………2, 7

*Melehes v. Wilson*, 774 P.2d 573 (Wyo.1989)……………………………………………………15, 16

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895 (10th Cir. 2017)………..……………5

*Oxendine v. Kaplan*, 241 F. 3d 1272 (10th Cir. 2001)……………..…………………………….…9

*Red Chair, Inc. v. Matt Camron, Inc.*, 2008 WL 11417014 (D. Wyo. May 9, 2008)…………......3, 4

*Rimes v. MVT Services, LLC*, No. 19-CV-0282-CVE-JFJ, 2019 WL 4120816 (N.D. Okla. Aug. 29, 2019)……………………………………………………………………………………..15

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)…………...……………………………3

*S.E.C. v. Knowles*, 87 F.3d 413 (10th Cir. 1996)……………………………………………….4, 5

*TeamLINX LLLP v. Casper Elec., Inc.*, 2018 WL 9854671 (D. Wyo. Dec. 7, 2018)………..………1

*Thomas v. Sumner*, 2015 WY 7, 49, 341 P.3d 390 (Wyo. 2015)…………………………………8

*West v. Thomson Newspapers,* 872 P.2d 999 (Utah 1994)…………………...…………………6

*White v. Fraternal Order of Police,* 909 F.2d 512 (D.C.Cir.1990)…………………………………7

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)………...…………………....3

*Worley v. Wyoming Bottling Co*., 1 P.3d 615 (Wyo. 2000)………………..……………………14

*Wyoming Corp. Services v. CNBC, LLC*, 32 F. Supp. 3d 1177 (D. Wyo. 2014)……………6, 7, 12

## Statutes

18 U.S. Code § 2383………………………………………………………………………8

28 U.S.C. § 1332……………………………………………………………………...5

Fed. R. Civ. P. 56(a)…………………………………………………………………...3

Fed. R. Civ. P. 12(b)(6)………………………………………………3, 5, 7, 9, 10, 11, 14, 15

Fed. R. Civ. P. 8……………………………………………………………1, 11, 15

Fed. R. Civ. P. 9(g)…………………………………………………………….....15

W.R.C.P. 9(g)………………………………………………………………...15, 16

**Other Authority**

5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1311 at 354–55 (3d ed.2004))…………………………………………………………………………………………..15, 16

Restatement (Second) of Torts § 652B……………………………………………………………13

Restatement (Second) of Torts § 652E……………………………………………………………12

Rodney A. Smolla, *Law of Defamation* § 4.05[1] at 4–18 (2d ed.1999)…………………………...7

# I.
## SUMMARY OF ARGUMENT

1.      Defendant is correct that this matter is not about the heroism of Lance Corporal Rylee McCollum or his family's sacrifice (Doc. 18, p. 8).  Rather, this case is about an incredibly wealthy, incredibly famous man whose overwhelming sense of entitlement led him to attack the grieving widow and sisters of a deceased United States Marine in front of his 2.4 million Instagram followers in Wyoming and who now seeks to avoid responsibility for the harm he caused them. Mr. Baldwin's publication of false allegations and continued participation in the social media exchanges at issue in this case do not constitute "political opinions".  Rather, they were deeply troublesome and harmful personal attacks that opened a door to threats and false allegations against this Gold Star Family that to this day has not been closed.

2.      Plaintiff's Federal and state law claims should not be dismissed because the Complaint articulates a plausible case for each cause of action with sufficient detail as required under the Federal Rules of Civil Procedure.  All of Plaintiff's claims are properly plead and are timely. Moreover, Plaintiff's Complaint meets the standard required under Federal Rule of Civil Procedure 12(b)(6), the proper test at this point in the case.  Plaintiffs have also properly pled facts establishing jurisdiction over Mr. Baldwin.  Defendant's motion should be denied.

# II.
## LEGAL STANDARDS & ARGUMENTS

### A.      Pleading Requirements

3.      "To survive a motion to dismiss, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"  *TeamLINX LLLP v. Casper Elec., Inc.*, 2018 WL 9854671, at *1 (D. Wyo. Dec. 7, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to

the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a).  In ruling on a FED R. CIV. P. 12(b)(6) motion the Court must "look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F. 3d 1272, 1275 (10th Cir. 2001).  In considering a motion to dismiss under FED R. CIV. P.  12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Bixler v. Foster,* 596 F.3d 751, 756 (10th Cir.2010)*; Grim v. FEDEX Ground Package Sys., Inc.,* CV 19-10 MV/GBW, 2019 WL 2298804 (D.N.M. May 30, 2019; *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  A claim is facially plausible where the claimant pleads sufficient factual content to permit the court to reasonably infer that a defendant is liable for the conduct alleged.   Therefore, a motion to dismiss should be denied where the pleading asserts non-conclusory, factual allegations that, if true, would push the claim across the line from conceivable to plausible.  As such, a court can only consider what is contained within the four corners of the complaint—it must "limit its consideration to the pleadings and exhibits attached to the pleadings and, . . . accept the plaintiff's allegations as true and evaluate all plausible inferences from those facts in favor of the plaintiff."  *Gulfstream Media Group, Inc. v. PD Strategic Media, Inc.*, No. 12-62056-CIV, 2013 WL 1891281, at *3 (S.D. Fla. May 6, 2013); *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010).

4.     Plaintiff's Complaint is detailed, fact specific, and organized by clear headings and individual counts and Defendant can intelligibly frame a response and defense to each count. (See Doc. 1, *Complaint*).   The issue is whether the Complaint contains sufficient facts to allow Defendant to intelligibly answer, and in this case, Defendant can absolutely respond to the Plaintiffs' allegations.   Moreover, the Complaint is supported by the exhibits obtained from Defendant's own social media posts. (Doc. 1, Exhibit A).  As such, Plaintiffs have satisfied the

pleading requirement of fair notice.  Defendant's Motion recites the FED. R. CIV. P. 12(b)(6) standard; however, Defendants then apply a FED. R. CIV. P. 56(a) summary judgment standard to Plaintiffs' allegations.  As Plaintiffs' have met their pleading burden under FED R. CIV. P. 12(b)(6), dismissal is improper.

## B.    Jurisdiction Standard

5.    "Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).  "In a diversity action," as here, "a federal district court may not exercise personal jurisdiction unless it complies with (1) the forum state's long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment." *Red Chair, Inc. v. Matt Camron, Inc.*, 2008 WL 11417014, at *2 (D. Wyo. May 9, 2008).  "Because Wyoming's long-arm statute confers the maximum jurisdiction permissible consistent with due process, the personal jurisdiction inquiry can be collapsed into a single analysis under the Due Process Clause." *Eighteen Seventy L.P. v. Jayson*, 532 F. Supp. 3d 1125, 1131 (D. Wyo. 2020).  "A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *Energy Drilling, LLC v. Virtus Oil & Gas Corp.*, 2016 WL 9450461, at *2 (D. Wyo. Apr. 15, 2016) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).  The presence of minimum contacts ensures that "maintenance of the suit does not offend traditional notions of fair play and substantial justice" and that the defendant "could reasonably anticipate" being haled into court in the forum. *Eighteen Seventy*, 532 F. Supp. 3d at 1132 (quoting *World- Wide Volkswagen*, 444 U.S. at 292). "The plaintiff bears the burden of establishing personal jurisdiction, whether general or specific." *Id.*

## C.    The Court Does Have Jurisdiction Over Baldwin

6.      In the absence of general personal jurisdiction, a court may still exercise jurisdiction if specific personal jurisdiction is established. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Specific jurisdiction is decided on a case-by-case basis. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A court may exercise specific personal jurisdiction over a defendant if: (1) the defendant has "purposefully directed" [his] activities toward the forum jurisdiction, and (2) when the underlying cause of action is based upon activities that "arise out of" or relate to the defendant's contacts with the forum. *S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (quoting *Burger King*, 471 U.S. at 472). If "continuing relationships and obligations" are created between the resident and nonresident of the forum state, the defendant then becomes "subject to regulations" of the forum state "for the consequences of their activities." *Burger King*, 471 U.S. at 473.  The question here is whether the Baldwin "should reasonably anticipate being haled into court" in Wyoming as a consequence of his actions.  *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)*; see also Red Chair, Inc. v. Matt Camron, Inc.*, 2008 WL 11417014, at *2 (D. Wyo. May 9, 2008).

7.      In his Motion Baldwin has the audacity to state that "like most Americans" he uses social media. (Doc 18, p. 4, sec. II).  Baldwin is not "most Americans".  In fact, Baldwin could not be more different than "most Americans".  He is an incredibly wealthy, incredibly famous person who uses his immense platform on a regular basis to communicate to millions of people (Doc. ¶¶ 12-14).  In other words, the "consequences of" Baldwin's activities are far more serious than those of "most Americans".   Baldwin undoubtedly knows this and, as such, "should reasonably anticipate being haled into court" when those actions amount to the allegations in Plaintiffs' lawsuit. See *Red Chair, Inc. v. Matt Camron, Inc.*, 2008 WL 11417014, at *2 (D. Wyo. May 9, 2008).

8.      Plaintiffs pled facts supporting jurisdiction over Baldwin. (Doc. 1, ¶¶ 4, 20, 21-22). Plaintiffs allege that Baldwin sent the family a check in Wyoming (*Id.* at ¶20), that two of the three Plaintiffs (Cheyenne and Roice) lived in and experienced harassment in Wyoming and that Baldwin knew or should have known that Plaintiffs would experience harassment when he published his false allegations to his 2.4 million followers on Instagram. (*Id.* at ¶¶ 9, 10, 25, 121). In other words, Baldwin "purposefully directed" his activities toward Wyoming. *S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (quoting *Burger King*, 471 U.S. at 472). Baldwin is alleged to have intentionally targeted Plaintiffs with knowledge of the consequences of his actions, and that Plaintiffs suffered substantial, harmful effects in the forum state.'" (*Id.* at ¶¶ 25, 26, 28, 39, 46, 48, 54, 69, 72, 77, 79, 85, 100, 103, 109, 115, 132, 135). Under the pleading standard articulated in FED R. CIV. P. 12(b)(6), Plaintiffs have established specific jurisdiction over Baldwin. See *Eighteen Seventy*, 532 F. Supp. 3d at 1137 (quoting *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 907 (10th Cir. 2017)); see also *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1231 (10th Cir. 2020).

9.      Moreover, the underlying causes of action are all based upon activities that "arise out of" or relate to the defendant's contacts with the forum. *Id.* Baldwin cannot simply pick a fight in Wyoming and scurry back to his Manhattan penthouse claiming he is immune from the consequences of his actions in Wyoming. Under the very liberal FED R. CIV. P. 12(b)(6) standard and pursuant to pursuant to 28 U.S.C. § 1332 Plaintiffs have met their burden to establish jurisdiction over Baldwin in Wyoming. As such dismissal is improper.

**D.      Plaintiffs State Claims for Defamation, Defamation Per Se, and Defamation by Implication**

10.     "A defamatory communication is one which tends to hold the plaintiff up to hatred, contempt, ridicule or scorn or which causes [her] to be shunned or avoided; one that tends to injure

[her] reputation as to diminish the esteem, respect, goodwill or confidence in which [she] is held." *Hoblyn v. Johnson*, 2002 WY 152, ¶ 41, 55 P.3d 1219, 1233 (Wyo. 2002).  Plaintiffs have alleged that Defendant's publication constitutes a representation that Plaintiffs were "January 6 rioters," "insurrectionists," and "participated in the insurrection." (Doc. 1, ¶¶ 43, 51, 74, 82, 87, 105, 113, 117, 135).  Also, as evidenced by the followers' responses to Baldwin's publication, the implication in this false statement is that Plaintiffs are rioters, traitors, racists, Nazis, or white supremacists who sought to overthrow the United States democracy.  They are accused of being "terrorists" who "made a mockery of [LCPL McCollum's] sacrifice." (Doc. 1, Exhibit A, p. 9, 10, 12-21, 36).

11.     Tenth Circuit courts have recognized that the torts of defamation and defamation by implication are different sides of the same coin.  For example, to establish defamation under Utah law, a plaintiff must prove four elements: (1) that the defendants "published the statements"; (2) that the "statements were false, defamatory, and not subject to any privilege"; (3) "that the statements were published with the requisite degree of fault"; and (4) that "their publication resulted in damage" to the plaintiff. *West v. Thomson Newspapers,* 872 P.2d 999, 1007–08 (Utah 1994).  Truth is ordinarily a complete defense against a direct defamation suit. *See Brehany v. Nordstrom, Inc.,* 812 P.2d 49, 57 (Utah 1991); *see also Gomba v. McLaughlin,* 180 Colo. 232, 504 P.2d 337, 339 (1972) ("A defendant asserting truth as a defense in a libel action is not required to justify every word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting, of the matter is true."). *Wyoming Corp. Services v. CNBC, LLC*, 32 F. Supp. 3d 1177 (D. Wyo. 2014).  But even if a statement is not directly defamatory because it is true, it can be defamatory by implication. *West,* 872 P.2d at 1011.

12.     In a defamation by implication action, "it is the implication arising from the statement and the context in which it was made, not the statement itself, which forms the basis of [the] claim." *West,* 872 P.2d at 1011.  "A defamation by implication stems not from what is literally stated, but from what is implied." *White v. Fraternal Order of Police,* 909 F.2d 512, 518 (D.C.Cir.1990).  "Words that appear to convey a defamatory meaning may be explained away as innocuous when their context is made clear. Conversely, words innocent on their face may, when explained in context, convey a defamatory meaning." Rodney A. Smolla, *Law of Defamation* § 4.05[1] at 4–18 (2d ed.1999).  It is this analysis that is at work in Plaintiffs' allegations. (*See, e.g*., Doc. 1, ¶¶ 51, see also Doc. 1, Exhibit A, p. 9, 10, 12-21).  Put another way, although Wyoming does not label this type of conduct "defamation by implication," Wyoming courts do recognize that statements may, by implication, be defamatory.  See *Wyoming Corp. Services v. CNBC, LLC*, 32 F. Supp. 3d 1177, 1189 (D. Wyo. 2014)(discussing defamation by implication under Wyoming law).

13.     Baldwin goes out of his way in his motion to play the victim.  He attempts to parse the meaning of the word "insurrectionist" claiming he is "not a lawyer" and therefore could not possibly have used the word as a slur against the McCollum family. (Doc. 18, p. 13-15).  He goes on to sight multiple news articles using the term "insurrection" debating the term. *Id.*  This smoke and mirror tactic is disingenuous.  Baldwin knew *exactly* what he meant when he made the allegation to his 2.4 million followers.  He stated:

> ***Your activities*** **resulted in the unlawful destruction of government property, the death of a law enforcement officer, an assault on the certification of the presidential election.  I reposted your photo.  Good luck.**

(Doc. 1, <u>Exhibit A</u>, p. 2)(emphasis added).

14.     Under FED R. CIV. P. 12(b)(6) a court can only consider what is contained within the four corners of the complaint—it must "limit its consideration to the pleadings and exhibits attached to the pleadings and, . . . accept the plaintiff's allegations as true and evaluate all plausible inferences from those facts in favor of the plaintiff." *Gulfstream Media Group, Inc. v. PD Strategic Media, Inc.*, No. 12-62056-CIV, 2013 WL 1891281, at *3 (S.D. Fla. May 6, 2013).  *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010).  Baldwin's attempts to reframe the allegations with articles and dictionary definitions is not relevant for purposes of this Court's analysis.  Plaintiffs have pled facts supporting their claims and dismissal is not a proper remedy at this point.  If Mr. Baldwin wants to establish his victimization, he should do it at the appropriate time.

15.     To establish Defamation Per Se Plaintiffs must show that Baldwin published a statement which defamatory on its face which imputes (1) a criminal offense; (2) a loathsome disease; (3) a matter incompatible with business, trade, profession, or office; or (4) serious sexual misconduct. *Hill v. Stubson*, 2018 WY 70, 420 P.3d 732 (Wyo. 2018); *Thomas v. Sumner*, 2015 WY 7, 49, 341 P.3d 390, 402 (Wyo. 2015).   Plaintiffs alleged that Baldwin's "insurrectionist" allegation imputes a criminal offense; namely, participation in a rebellion and uprising against the United States Government. (Doc. 1 ¶¶ 55, 86, 116; Doc. 1, Exhibit A, p. 8).  This offense under 18 U.S. Code § 2383 carries a fine, prison sentence of not more than 10 years, or both, and precludes any person guilty of the offense from holding any office under the United States. *Id.*  This crime is regarded in public opinion as involving moral turpitude; that is inherent baseness or vileness of principle in the human heart and shameful wickedness and such an extreme a departure from ordinary standards of honesty, good morals, justice or ethics as to be shocking to the moral sense of the community.

*Id.* Plaintiffs also alleged that Baldwin's publication would tend to injure them in their trades, businesses, and professions. *(Id. at* ¶ 122).

### E.    Plaintiffs allege Baldwin made statements about Jiennah and Cheyenne

16.    Plaintiffs allege that Baldwin made statements concerning all Plaintiffs (Doc. 1, ¶¶ 2, 50, 58, 81, 89, 111, 120).  Further, Baldwin's own posts attached to Plaintiffs' Complaint contain the comments pertaining to all Plaintiffs. *(Id. at* Exhibit A).  For example:

> **BALDWIN:  @ex********** but I didn't say that.  I gratefully supported the gofundme campaign while simultaneously not knowing the woman I approached [JIENNAH MCCOLLUM] is an insurrectionist.   I think that's…remarkable.**

(Doc. 1, Exhibit A, p. 8)

17.    In ruling on a FED R. CIV. P.  12(b)(6) motion the Court must "look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F. 3d 1272, 1275 (10th Cir. 2001).  All factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Bixler v. Foster,* 596 F.3d 751, 756 (10th Cir.2010)*; Grim v. FEDEX Ground Package Sys., Inc.,* CV 19-10 MV/GBW, 2019 WL 2298804 (D.N.M. May 30, 2019; *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  Under this standard, Plaintiffs have satisfied their pleading burden and dismissal is improper.

### F.    Baldwin's "private conversations" with Roice were published by Baldwin

18.    It is true that the Complaint refers to Baldwin's "private" messages with Roice McCollum (Doc. 1, ¶¶ 21-22, 26, 28).  However, the Complaint also alleges, and the exhibit supports the fact that Baldwin published these messages to his 2.4 million followers on Instagram. (*Id.* at ¶¶ 27, 50, 72, 81, 103, 135; Doc. 1, Exhibit A, p. 1-22).  Under FED R. CIV. P. 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the

plaintiff. *Bixler v. Foster,* 596 F.3d 751, 756 (10th Cir.2010*); Grim v. FEDEX Ground Package Sys., Inc.,* CV 19-10 MV/GBW, 2019 WL 2298804 (D.N.M. May 30, 2019; *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Under this standard, Plaintiffs have satisfied their pleading burden and dismissal is improper.

**G.     Baldwin's Alternate Dismissal Reasons are not Proper Under FED R. CIV. P. 12(b)(6)**

19.     As stated above, all factual allegations from the Complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir.2010). Baldwin's statements are alleged to be defamatory in that they accuse Plaintiffs of criminal activity. (Doc. 1 ¶¶ 55, 86, 116; Doc. 1, Exhibit A, p. 8). The term "insurrectionist" as Baldwin used it is not a matter of opinion according to the Complaint. Moreover, Roice's attendance at the January 6th demonstration is the matter upon which Baldwin was commenting. Baldwin invented the fact that Roice engaged in "unlawful destruction of government property, the death of a law enforcement officer, an assault on the certification of the presidential election." (Doc. 1, Exhibit A, p. 2). Baldwin was commenting not on the January 6th riot, but on Roice McCollum's criminal conduct at that event---activities she never took part in and are therefore defamatory. Baldwin cannot simply expand the scope of his attack on the McCollum family and claim that he was expressing his political opinion to include all activity that occurred at the Capitol on January 6. He was not. Roice McCollum's personal activities are not a matter of public concern and Baldwin's words are actionable because they do not constitute his protected opinion. (See *Dworkin v. L.F.P., Inc.*, 839 P.2d 903, 914 (Wyo. 1992)). What Baldwin said was patently untrue and he was informed by Roice that it was untrue before he posted it. (Doc. 1, Exhibit A, p. 2).

20.     Moreover, all Plaintiffs pled that they are private figures who never voluntarily injected themselves into any public controversy. (Doc. 1, ¶¶ 50, 81, 112). In addition, Plaintiffs pled that

Baldwin acted with actual malice when he made the accusations. (*Id*. at ¶¶ 112, 118).   Plaintiffs do not "eviscerate their legal claims by alleging Baldwin believes what he said." (Doc. 18, p. 18). To the contrary, Baldwin was informed by Roice that she did not participate in the rioting, yet Baldwin chose to call her an insurrectionist in front of his massive social media following. (Doc. 1, ¶ 22).   Baldwin can hold any belief he wants; however, when he is presented with information to the contrary, he cannot vindictively level allegations against the Plaintiffs with reckless abandon and then cry that it was merely an "opinion".   Additionally, a "party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. A party may state as many separate claims or defenses as it has, regardless of consistency. Fᴇᴅ. R. Cɪᴠ. P. 8(d)(2-3).   In other words, stating that Baldwin believed one thing, intended another, yet was also negligent or reckless is not inconsistent with the General Rules of Pleading. *Id.* Baldwin's assertion that Plaintiffs articulation of their allegations somehow makes the allegations cancel each other out is simply not accurate. (See Doc. 18, p. 18-19).

21.    Defendant also incorrectly argues that "[p]laintiffs cannot assert a defamation claim in these circumstances, because the alleged defamatory 'sting' arises from substantially true facts, the plaintiff may not rely on minor or irrelevant inaccuracies to state a claim for libel. (Doc. 18, p. 19) Defendant attempts to obscure the issue by stating that "the 'sting' of the publication is from Roice's own photograph and celebration of January 6 . . . not Baldwin's related opinion." *Id.*

22.    Again, this is nothing more than an attempt to mischaracterize Plaintiffs' allegations and an improper application of the Fᴇᴅ R. Cɪᴠ. P. 12(b)(6) standard.   The 'sting' alleged here is not Roice's publication of the Washington Monument picture to her <u>180</u> followers.   It is *Baldwin's re-publication* of it to his <u>2.4 million</u> followers along with the allegation that the McCollum family

engaged in treasonous criminal conduct that led to the death of a law enforcement officer.  It is Baldwin's continued participation in the message chain wherein he continues to make false allegations against them. (Doc. 1, ¶¶ 18-37).

23.     Moreover, receiving death threats and being told that Lance Corporal McCollum got what he deserved is not the result of "minor or irrelevant inaccuracies" in the facts. See *Wyoming Corp. Servs. v. CNBC, LLC*, 32 F. Supp. 3d 1177, 1185 (D. Wyo. 2014).  Baldwin accused Plaintiffs of trying to overthrow the United States of America and, as he put it, the "unlawful destruction of government property, the death of a law enforcement officer, an assault on the certification of the presidential election." (Doc. 1, Exhibit A, p. 2).  Being accused of murder and treason is hardly a "minor or irrelevant" inaccuracy.  Dismissal is not warranted as Plaintiffs have met their pleading burden.

## H.     Plaintiffs Properly Pled Claims for False Light Invasion of Privacy and Intrusion Upon Seclusion

24.     In order to establish a False Light Invasion of Privacy claims Plaintiffs must show that Baldwin's publication placed Plaintiffs before the public in a false light that would be highly offensive to a reasonable person, and that Baldwin had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. Restatement (Second) of Torts § 652E.  The Wyoming Supreme Court discussed this tort under Wyoming law and chose not to express an opinion as to its validity.  See *Bextel v. Fork Rd. LLC*, 2020 WY 134, 474 P.3d 625, 632 (Wyo. 2020)(refusing to consider the tort because Plaintiffs did not state a claim for it).  While Defendant seems to think that this justifies dismissal of Plaintiffs' False Light claims it is worth noting that the Supreme Court of Wyoming used the Restatement (Second) of Torts to define the elements of False Light. *Id*. at 631-632.  The Court previously recognized that the Restatement version an invasion of privacy tort is the approach best suited to

Wyoming common law. The Court has relied on the Restatement on numerous occasions to develop Wyoming common law. *Howard v. Aspen Way Enterprises, Inc.*, 2017 WY 152, 406 P.3d 1271, 1278 (Wyo. 2017).

25.     Plaintiffs pled all elements of the False Light cause of action.  (Doc. 1, ¶¶ 2, 42-48, 73-79, 104-109).  In their Complaint, Plaintiffs point to specific social media posts, specific actions taken by Baldwin, and allege that Baldwin knew or should have known through prior experiences of his own what would happen once he posted his false allegations. *Id.* at ¶¶ 2, 23-25, 42-48, 73-79, 104-109.  Defendant's assertion that this tort "should not be recognized under Wyoming law" is not proper for his motion. (Doc 18, p. 20).

26.     With respect to Plaintiffs' Intrusion Upon Seclusion claim, they have also met their pleading burden.  Wyoming recognizes the tort.  See *Howard v. Aspen Way Enterprises, Inc.*, 2017 WY 152, 406 P.3d 1271 (Wyo. 2017).  "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B.  Plaintiffs have properly alleged all elements of this claim in their Complaint. (Doc. 1, ¶¶ 42-48, 73-79, 104-109).  Dismissal must be denied.

**I.      Plaintiffs State Claims for Negligence and Gross Negligence**

27.     Plaintiffs allege that Defendant was negligent in his postings on his Instagram feed, by posting allegations that Roice was "an insurrectionist" and "participated in the insurrection." Plaintiffs allege that had a duty to refrain from conduct that would cause injury to Plaintiffs. Moreover, they allege that Baldwin further assumed a duty of care when he chose to communicate with all 2.4 million of his followers concerning the Plaintiffs.  Baldwin violated that duty by failing

13

to check his facts prior to leveling his allegations and giving his followers implicit instructions to shame and attack Plaintiffs. (Doc 1, ¶¶ 40, 50, 56, 61-67, 81, 87, 92-98, 111, 117, 124-130).

28.     Plaintiffs continue by stating that the social media onslaught of hatred and bile that ensued was entirely foreseeable to Baldwin and any reasonably careful person under similar or the same circumstances would have anticipated the mental anguish and suffering and the physical manifestation of that mental pain that would result in his conduct.  Those violations were the proximate cause of the harm Plaintiffs suffered. *Id.*

29.     Baldwin's conduct constitutes a conscious and voluntary disregard of the need to use reasonable care, which was highly likely to cause foreseeable grave injury or harm to Plaintiffs. In short, Plaintiffs plead that Baldwin acted recklessly in spite of knowing the consequences of his actions, that his conduct is extreme when compared to ordinary negligence standards. *Id.*  These allegations are not mere recitations of conclusory statements.  They point to specific conduct by Baldwin that establishes a negligence and gross negligence pleading under FED R. CIV. P. 12(b)(6) standards.

**J.     Plaintiffs State Claims for Intentional Infliction of Emotional Distress**

30.     Under Wyoming law, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Worley v. Wyoming Bottling Co*., 1 P.3d 615, 627-28 (Wyo. 2000).  Plaintiffs allege that Baldwin's conduct caused his most rabid followers to attack a grieving family only months after their brother, husband, and father was killed.  Plaintiffs allege each and every element of an Intentional Infliction of Emotional Distress and point to the conduct by Baldwin that caused Plaintiffs to suffer damages. (Doc 1, ¶¶ 68-72, 99-103, 131-135).  The allegations articulate behavior and consequences from that behavior

that clearly rise to more than mere insults or annoyances (Doc. 18, p. 24).

**K.    Plaintiffs Allege Damages Caused by Baldwin**

31.    FED. R. CIV. P. 9(g) governs the pleading of special damages in diversity cases.  As it has been determined to address punitive damages FED. R. CIV. P. 9(g) requires the pleading party to "at a minimum, allege the circumstances upon which the punitive damages claim is made." *Id.* (quoting *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc*., Nos. 08–2027, 08–2191, 2009 WL 1635894, at *8 (D.Kan. June 11, 2009)). "This is a relatively liberal standard, with 'most courts now taking the position that allegations of special damage will be deemed sufficient for the purpose of Rule 9(g) if they are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim.'" *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1311 at 354–55 (3d ed.2004)).  Special damages must be specially pled with a reasonable degree of particularity, although one need not plead a sum certain. W.R.C.P. 9(g); *Melehes v. Wilson*, 774 P.2d 573, 579 (Wyo.1989).

32.    In this matter, Plaintiffs have alleged special, general, and punitive damages stemming from Baldwin's conduct.  (Doc. 1, ¶¶ 3, 41, 46-48, 60, 67, 77-79, 91, 98, 108, 109, 123, 129, 137). In addition, Plaintiffs have also alleged that they have been injured in their "trades, businesses, and professions" as a result of Baldwin's conduct. (*Id.* at ¶ 122).

33.    Tenth Circuit courts found that when a Plaintiff "specifically state[d]" in his complaint that he is seeking punitive damages it meets the requirements of FED. R. CIV. P. 9(g).  *Rimes v. MVT Services, LLC*, No. 19-CV-0282-CVE-JFJ, 2019 WL 4120816 (N.D. Okla. Aug. 29, 2019).  The pleadings meet the liberal standard to state a claim for relief under the Federal Rules. (See FED. R. CIV. P. 8, 9(g), 12).  In addition, the pleadings are "definite enough to enable Mr. Baldwin to

prepare his responsive pleading and a defense to the claim." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1311 at 354–55 (3d ed.2004)). Special damages do not need to state a sum certain. W.R.C.P. 9(g); *Melehes v. Wilson*, 774 P.2d 573, 579 (Wyo.1989).

### III.
### CONCLUSION AND PRAYER

34.     Taking all factual allegations as true, and construing them favorably to the Plaintiffs, dismissal of this cause of action is improper. FED R.CIV. P. 12(b)(6), *Bixler v. Foster,* 596 F.3d 751, 756 (10th Cir.2010)*; Grim v. FEDEX Ground Package Sys., Inc.,* CV 19-10 MV/GBW, 2019 WL 2298804 (D.N.M. May 30, 2019; *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Under this standard, Plaintiffs have satisfied their pleading burden and dismissal is improper.

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing *Memorandum of Law In Support of Plaintiffs' Response To Defendant Alexander R. Baldwin III's Motion To Dismiss Plaintiffs' Complaint* with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing on the 18th day of April, 2022, to the following individuals:

Randall B. Reed, Wyo. Bar No. 5-2863
Aaron J. Lyttle, Wyo. Bar No. 7-4726
Kaylee A. Harmon, Wyo. Bar No. 7-6308
Long Reimer Winegar LLP
2120 Carey Avenue, Suite 300
P.O. Box 87, Cheyenne,
Wyoming 82003
(307) 635-0710 phone
(307) 635-0413 fax
rreed@lrw-law.com
alyttle@lrw-law.com
kharmon@lrw-law.com

Luke Nikas (pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Phone: 212-849-7000
Email: lukenikas@quinnemanuel.com

*Attorneys for Defendant*

/s/ Dennis C. Postiglione

_____
Dennis C. Postiglione

17